Ronald De Jesus PAULINO, Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 08–73709.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2011.*

July 25, 2011.

Ronald Troy Oldenburg, Esquire, Law
Offices of Ronald T. Oldenburg, Waipahu,
HI, for Petitioner.

Sunah Lee, Michelle Gorden Latour, Es-
quire, Assistant Director, U.S. Department
of Justice, Civil Division/Office of Immi-
gration Litigation, Washington, DC, Chief
Counsel Ice, Office of the Chief Counsel,
Department of Homeland Security, San
Francisco, CA, for Respondent.

Before: SCHROEDER, ALARCÓN,
and LEAVY, Circuit Judges.

MEMORANDUM **

Ronald De Jesus Paulino, a native and
citizen of the Philippines, petitions for re-
view of the Board of Immigration Appeals'
("BIA") order dismissing his appeal from
an immigration judge's removal order.
We have jurisdiction under 8 U.S.C.
§ 1252. We review de novo constitutional

claims, *Khan v. Holder,* 584 F.3d 773, 776
(9th Cir.2009), and we review for abuse of
discretion the denial of a motion to re-
mand. *Movsisian v. Ashcroft,* 395 F.3d
1095, 1098 (9th Cir.2005). We deny the
petition for review.

This case was last before this court in
2007, when we granted the government's
motion to remand for the BIA to address
Paulino's contention that the BIA improp-
erly considered extra-record evidence, sub-
mitted by the government, in its March 7,
2003, order. Paulino then requested that
the BIA remand to the IJ. In its July 29,
2008, order, the BIA determined that re-
mand was not warranted because the ex-
tra-record evidence had added "nothing
materially new" and the BIA had not con-
sidered the extra-record evidence.

Contrary to Paulino's contention, the
BIA's March 7, 2003, order did not violate
his due process rights. *See Colmenar v.
INS,* 210 F.3d 967, 971 (9th Cir.2000) (in
order to prevail on a due process claim,
alien must demonstrate that the chal-
lenged proceeding was so fundamentally
unfair that the alien was prevented from
reasonably presenting his case). Accord-
ingly, the BIA did not abuse its discretion
in denying Paulino's motion for remand.
*See Movsisian,* 395 F.3d at 1098 ("The
BIA abuses its discretion when it acts
arbitrarily, irrationally, or contrary to the
law.").

**PETITION FOR REVIEW DENIED.**

---

\* The panel unanimously concludes this case is
suitable for decision without oral argument.
*See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.